UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY MCGRAW,

    Plaintiff,

-vs-                                            CASE NO.:

FINANCIAL ASSETS
MANAGEMENT SYSTEMS, INC.,

    Defendant.
_____/

## COMPLAINT

    COMES NOW the Plaintiff, ANTHONY MCGRAW, by and through undersigned counsel, and hereby sues the Defendant, FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies like FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'"

137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Fulton County), the phone calls were received in this District, and the Defendant transacts business in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person and citizen of the State of Georgia, residing in Fulton County, Georgia and residing in this District.

11.     The debt that is the subject matter of this complaint is a medical debt and is therefore a consumer debt.

12.     Defendant is a Georgia corporation with a principal place of business and/or office for transacting its business located at 2859 Paces Ferry Road, Suite 510, Atlanta, GA, 30339

13.     In approximately June of 2014, Defendant began a campaign of telephone harassment of the Plaintiff by calling Plaintiff's cellular telephone multiple times a day in an effort to collect a debt.

14.     These robo calls went directly to the voicemail of Plaintiff's cellular telephone.

15.     Plaintiff received numerous prerecorded messages from Defendant on his voicemail.

16.     Plaintiff was eventually able to call back a number that called him and speak to Defendant's representative who identified the company he represented as Financial Assets Management Systems. At this time, Plaintiff specifically revoked any consent the Defendant believed they had to call him, stating "do not call me anymore."

17.     In approximately August of 2015, Plaintiff again called back one of the numbers that robo-dialed his cell and spoke to a representative of the Defendant by the name of "Ken," and requested that Defendant stop calling.

18.     Despite Plaintiff's clear instructions to Defendant to stop calling, Defendant continued to call Plaintiff on his cellular telephone.

19.     Despite repeated requests for the calls to stop, Defendant continued its campaign of harassment of the Plaintiff.

20.     Defendant FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC. knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately June, 2014 through December, 2015 with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

21.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, and because of the multitude of prerecorded messages that he received.

22.     Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23.     Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after June, 2014 was done so after Plaintiff had revoked consent and without the "express consent" of the Plaintiff.

24.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (678) *** - 1458.  Plaintiff was the called party and recipient of Defendant's autodialer calls.

25.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls well-beyond several revocations including approximately June, 2014 and August, 2015, when Plaintiff told Defendant to stop calling. While Plaintiff was not able to keep track of every single call, Plaintiff received over 90 calls to his cellular phone from FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC. between approximately June, 2014 and December, 2015.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individuals, like Plaintiff, advising Defendant to stop calling.

28. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

29. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

31. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

32. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-two (42) above as if fully stated herein.

34. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

36. The Defendant willfully and/or knowingly violated the TCPA, <u>especially</u> for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in approximately November of 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact the Plaintiff, and told Defendant to stop calling the Plaintiff.

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC. for statutory damages, punitive damages, actual damages, treble damages, interest, enjoinder from further violations of these parts, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Georgia Bar #: 617963
Attorney for Plaintiff
TGomez@ForThePeople.com